UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Julius Bryant**, <br><br>  Plaintiff, <br><br> v. <br><br> **THS Group, LLC d/b/a Total Home Protection,** <br><br>  Defendant. | Case No. <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Julius Bryant** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **THS Groups, LLC d/b/a Total Home Protection** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, Telemarketing Sales Rule ("TSR") 16 C.F.R. § 310, *et seq.* and §302.101 of the Texas Business & Commercial Code.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This court has supplemental jurisdiction over Plaintiff's related state law claims pursuant 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Arlington, Texas 76017.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a business entity with principal place of business, head office, or otherwise valid mailing address at 325 Chestnut Street, Suite 800, Philadelphia Pennsylvania 19106.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

11. Defendant provides home warranty plans to consumers.

12. One of Defendant's strategies for selling its home warranties involves the use of an automatic telephone dialing system ("ATDS") to solicit business from consumers via automated text message and telephone calls.

13. Defendant also utilizes pre-recorded messages in its telemarketing to solicit business.

14. Beginning in May of 2019, Defendant placed calls using a pre-recorded message and sent text messages to Plaintiff on his cellular telephone ending in 7782 attempting to sell Plaintiff a home warranty plan.

15. Defendant's text messages and calls were not made for "emergency purposes."

16. Plaintiff never sought information about a home warranty and did not consent to calls or texts from Defendant.

17. Plaintiff's number ending in 7782 has been on the Do Not Call Registry since March of 2019.

18. Despite registration on the Do Not Call Registry Defendant placed calls and/or sent text messages to Plaintiff on dates including, but not limited to: May 21, 2019, May 22, 2019, May 24, 2019, May 28, 2019, May 30, 2019, June 4, 2019, October 30, 2019, December 1, 2019, December 2, 2019, December 3, 2019, December 4, 2019, December 5, 2019, December 6, 2019, December 9, 2019, December 10, 2019, December 11, 2019, December 12, 2019, December 13, 2019, December 16, 2019, December 18, 2019, December 19, 2019, December 20, 2019, December 23, 2019, December 24, 2019, December 26, 2019, December 27, 2019, December 30, 2019, and December 31, 2019.

19. Plaintiff responded "STOP" to Defendant's text messages on December 31, 2019.

20. However, the texts continued and Plaintiff received text messages on the dates including but not limited to: January 9, 2020.

21. Since Defendant knew its text messages were unwanted Defendant's text messages could have only been made solely for purposes of harassment.

22. Defendant's incessant text messages and calls with pre-recorded messages were bothersome, disruptive and frustrating for Plaintiff to endure.

23. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUN T I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. The TCPA prohibits placing calls or texts using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendant's texts were not made for "emergency purposes."

24. Defendant's texts to Plaintiff's cellular telephone without any prior express consent.

25. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since March 2019.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

31. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since March 2019.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## DEFEDANT VIOLATED THE TSR

35. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

5

36. The TSR prohibits telemarketers from initiating any outbound telephone call to a person when that person's telephone number is on the "do not call" registry, maintained by the Commission, of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services. 16 C.F.R. § 310.4(b)(1)(iii)(B).

37. Plaintiff has been on the Do Not Call Registry since March 2019.

38. Since Plaintiff was on the Do Not Call Registry at the time Defendant placed calls to him, Defendant has violated the TSR.

## COUNT IV
## DEFENDANT VIOLATED § 302.101 OF
## THE TEXAS BUSINESS & COMMERICAL CODE

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiff, **Julius Bryant,** respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and 15 U.S.C.A. § 6104(a) for damages under 16 C.F.R. § 310.4(b)(1)(iii)(B);

    b.    Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

    d.    Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c);

    e.    Civil penalty of $5,000 for each violation of §302.302(a) of the Texas Business & Commerce Code;

    f.    Civil penalty as adjusted for inflation for each violation of 47 U.S.C. § 227(b)(3)(B);

    g.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Fin. Code § 392.403(b);

    h.    Injunctive relief (as provided under §302.302(d) of the Texas Business & Commerce Code); and

    i.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Julius Bryant,** demands a jury trial in this case.

Respectfully submitted,

Dated: 10/29/2020       By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com