Jules P. Slim, Attorney
SBOT#00793026
Irving, TX 75014-0307
(214) 350-5183
(214) 350-5184 fax
Jslim@slimlawfirm.com
**ATTORNEY FOR DEFENDANT**
**THS GROUP, LLC**

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Julius Bryant,**  Plaintiff  v.  **THS Group, LLC d/b/a Total Home Protection,**  Defendants | No. 4:20-cv-01197-P |

### DEFENDANT'S ANSWER

**COMES NOW** Defendant THS Group, LLC and files this Answer, and where possible, the numbering below is respective to Plaintiff's Complaint:

1. Defendant admits that the complaint is based on the TCPA.

2. Defendant does not dispute this Court's subject matter jurisdiction; however, Defendant reserves the right to challenge the constitutionality of the TCPA, and the standing of Plaintiff to bring this lawsuit without a showing of legally or factually sufficient harm.

3. Defendant does not dispute this Court's supplemental jurisdiction; however, Defendant reserves the right to challenge the constitutionality of the TCPA, and the standing of Plaintiff to bring this lawsuit without a showing of legally or factually sufficient harm.

4. Defendant does not contest personal jurisdiction.

5. Defendant does not contest venue.

6. Defendant does not contest Plaintiff's residence.

7. Defendant does not contest Plaintiff's capacity.

8. Defendant denies that its principal place of business was ever at 325 Chestnut Street, Ste. 800, Philadelphia, Pennsylvania 19106.

9. Defendant does not contest its capacity to be sued.

10. Defendant does not contest agency of those acting on its behalf.

11. Defendant admits that it provided home warranty plans to consumers.

12. Defendant admits these allegations.

13. Defendant admits these allegations.

14. Defendant denies that correspondence commenced in May 2019.

15. Defendant admits these allegations.

16. Defendant denies these allegations.  Defendant states that Plaintiff opted in to receiving these solicitations in May 2019.

17. Defendant cannot admit or deny these allegations.

18. Defendant cannot admit or deny the allegations relating to Plaintiff's participation in the do not call registry.  Defendant denies that calls were made up until December 2019.  Defendant admits the other allegations.

19. Defendant denies these allegations.

20. Defendant denies these allegations.

21. Defendant denies these allegations.

22. Defendant denies these allegations.

23. Defendant denies these allegations.

24. Defendant incorporates the respective responses above. Defendant is not required to admit or deny questions of law.

25. Defendant is not required to admit or deny pure questions of law. 23 [sic] Defendant admits to using an automatic dialer. 23 [sic] Defendant admits that the contact was not for emergency purposes. 24 [sic] Defendant denies these allegations. 25 [sic] Defendant cannot admit or deny Plaintiff's participation in the Do Not Call registry.

26. Defendant denies these allegations.

27. Defendant denies these allegations.

28. Defendant denies these allegations.

29. Defendant incorporates the respective responses above.

30. Defendant is not required to admit or deny pure questions of law.

31. Defendant cannot admit or deny Plaintiff's participation in the do not call registry.

32. Defendant denies these allegations.

33. Defendant denies these allegations.

34. Defendant denies these allegations.

35. Defendant incorporates the respective responses above.

36. Defendant is not required to admit or deny questions of law.

37. Defendant cannot admit or deny Plaintiff's participation in the do not call registry.

38. Defendant cannot admit or deny Plaintiff's participation in the do not call registry. Defendant denies violations of the TSR.

39. Defendant incorporates the respective responses above.

40. Defendant is not required to admit or deny pure questions of law.

41. Defendant denies these allegations.

42. Defendant is not required to admit or deny pure questions of law.

Prayer:  Defendant denies that Plaintiff is entitled to any compensation, attorneys' fees, litigation costs, exemplary damages, statutory damages, civil penalties, and any damages which violate the one-satisfaction rule.

## AFFIRMATIVE DEFENSES

43. Defendant pleads by way of affirmative defense failure to mitigate, that Plaintiff was the sole cause of any harm, that Plaintiff is proportionately responsible for any harm, fraud, waiver, and estoppel.

**WHEREFORE,** Defendant prays that Plaintiff go hence without day and take nothing, and that Defendant have and recover its attorneys' fees incurred in defense of this lawsuit.

Dated: June 17, 2021.

    /s/ Jules P. Slim
Jules P. Slim, Attorney
SBOT#00793026
Irving, TX 75014-0307
(214) 350-5183
(214) 350-5184 fax
Jslim@slimlawfirm.com
**ATTORNEY FOR DEFENDANT
THS GROUP, LLC**

## CERTIFICATE OF SERVICE

I, the undersigned attorney certify that I served a copy of this on Plaintiff's counsel via this Court's ECF System

    /s/ Jules P. Slim
Jules P. Slim